UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRAND TRAVERSE BAND OF
OTTAWA AND CHIPPEWA INDIANS;
GRAND TRAVERSE BAY WATERSHED
INITIATIVE, INC.; and ELK-SKEGEMOG
LAKES ASSOCIATION,

                      Plaintiffs,

v.

BURNETTE FOODS, INCORPORATED,

                      Defendant.

Civil Action No. 1: 23-cv-00589

Hon. Jane M. Beckering

---

| | |
|---|---|
| Nicholas Leonard (P79283) <br> Scott Troia (P82986) <br> GREAT LAKES ENVIRONMENTAL <br> LAW CENTER <br> *Attorneys for Plaintiffs* <br> 4444 Second Avenue <br> Detroit, MI 48201 <br> (313) 782-3372 <br> nicholas.leonard@glelc.org <br> scott.troia@glelc.org | Aaron M. Phelps (P64790) <br> Matthew B. Eugster (P63402) <br> Neil E. Youngdahl (P82452) <br> VARNUM LLP <br> *Attorneys for Defendant* <br> Bridgewater Place, P.O. Box 352 <br> Grand Rapids, MI 49501-0352 <br> (616) 336-6000 <br> amphelps@varnumlaw.com <br> mbeugster@varnumlaw.com <br> neyoungdahl@varnumlaw.com |
| William Rastetter (P26170) <br> Rebecca Millican (P80869) <br> OLSON & HOWARD, PC <br> *Attorneys for Plaintiff Grand Traverse Band of Ottawa and Chippewa Indians* <br> 420 E. Front Street <br> Traverse City, MI 49686 <br> (231) 946-0044 <br> bill@envlaw.com | Tracy Jane Andrews (P67467) <br> LAW OFFICES OF TRACY JANE ANDREWS, PLLC <br> *Attorneys for Plaintiff Grand Traverse Bay Watershed Initiative, Inc.* <br> 420 E. Front Street <br> Traverse City, MI 49686 <br> (231) 946-0044 <br> tja@tjandrews.com |

---

## Joint Status Report

    A Rule 16 Scheduling Conference is scheduled for June 20, 2024, at 10:00 am before Hon. Jane M. Beckering. Appearing for the parties as counsel will be:

1

For Plaintiffs:
Nicholas Leonard (P79283)
Scott Troia (82986)

For Plaintiff Grand Traverse Band of Ottawa and Chippewa Indians:
William Rastetter (P26170)
Rebecca Millican (P80869)

For Plaintiff Grand Traverse Bay Watershed Initiative, Inc.:
Tracy Jane Andrews (P67467)

For Defendant:
Aaron M. Phelps (P64790)

1. <u>Jurisdiction</u>: The bases for the Court's jurisdiction are 33 U.S.C. § 1365(a)(1), 28 U.S.C. § 1331, 28 U.S.C. § 1362, and 28 U.S.C § 1367(a).

   Defendant objects to this Court's jurisdiction for the reasons provided in its Motion to Dismiss (ECF 20).

2. <u>Jury or non-Jury</u>: This case is to be tried by the Court as a trier of law and fact.

3. <u>Judicial Availability</u>: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>Statement of the Case</u>:

   <u>Plaintiffs' Statement</u>: Plaintiffs allege Defendant has and continues to violate the Clean Water Act (CWA) by discharging industrial wastewater from its fruit processing facility in a manner that results in several pollutants, including but not limited to phosphorus, biological oxygen demand (BOD), E.coli, total suspended solids (TSS), and arsenic flowing into the wetlands abutting Defendant's spray fields, Spencer Creek, and Elk Lake, each of which is a water of the United States, without a CWA National Pollutant Discharge Elimination System (NPDES) permit. Plaintiffs further allege the pollutants in Defendant's industrial wastewater discharges reach the above-listed waters of the United States through surface water and groundwater migration as the functional equivalent of Defendant directly discharging its wastewater into the water bodies. Finally, Plaintiffs allege that the Defendant is in violation of Michigan's Natural Resources and Environmental Protection Act (MEPA) by discharging its industrial wastewater in violation of its state-issued groundwater discharge permit resulting in the pollution, impairment, or destruction of the waters of the state.

   <u>Defendant's Statement</u>: Defendants dispute alleged violations of the Clean Water Act (CWA) because the irrigation of Defendant's wastewater in Defendant's spray fields does not constitute a "point source discharge" as defined by the CWA. Moreover, even in the event that the irrigation of wastewater constituted a point source discharge, there has not been a surface water "discharge" of pollutants from Defendants' spray fields into Waters of the United States (WOTUS). Defendants further dispute that the migration of any

pollutants in groundwater from its spray fields constitutes the functional equivalent of a point source discharge under the test established in *Cnty. of Maui, Hawaii v. Hawaii Wildlife Fund*, 590 U.S. 165, 183-85 (2020), nor can Plaintiffs meet their burden to establish that the functional equivalent of a point source discharge is occurring.

Defendant disputes that any violations of its state-issued groundwater discharge permit resulted in material pollution, impairment or destruction of natural resources that would warrant a remedy under the Michigan Environmental Protection Act (MEPA). Defendant further disputes that Plaintiffs have standing to assert a claim pursuant to MEPA because they cannot satisfy the requirements for standing under Article III based on the alleged impact to groundwater.

Further, it is undisputed that the Michigan Department of Environment, Great Lakes and Energy ("EGLE") is responsible for the regulation of the groundwater discharges that are the subject of Plaintiffs' claims pursuant to its Part 22 regulations (Michigan Administrative Rules 323.2201- 323.2240). Defendant is engaged in ongoing settlement discussions with EGLE to resolve alleged violations of Defendant's groundwater discharge permit. While Defendant is not at liberty to disclose confidential settlement discussions, it is in the process of constructing a wastewater treatment plant (WWTP) that is expected to cost over $6.5 million dollars, and also plans to install additional spray fields to further reduce loading to the existing spray fields. There is no judicial intervention required in this case, as all of Plaintiff's concerns will be moot once Defendant's settlement with EGLE is finalized.

5. Prospects of Settlement: Currently no settlement negotiations are in process nor have any settlement negotiations between the parties taken place.

   Plaintiffs' Position:

   Plaintiffs are willing to engage in meaningful settlement discussions with Defendant. The Defendant and the Michigan Department of Environment, Great Lakes, and Energy (EGLE) have been negotiating for more than a year toward resolution of Defendant's alleged violations of state environmental laws resulting from the discharge of wastewater from the Defendant's fruit processing facility. While these alleged violations and thus the settlement negotiations may significantly overlap with the Plaintiffs' present case, to date, citing settlement negotiation confidentiality, Plaintiffs have been denied access by both EGLE and Defendant to any remedial plans or strategies being developed or contemplated, including remedial plans that may have the potential to mitigate and/or eliminate Defendant's potential future illegal discharges similar to the discharges that are the subject of Plaintiffs' First Amended Complaint. Plaintiffs' perspective is that settlement negotiations will not be meaningful until Defendant provides Plaintiffs with full access to all remedial plans or strategies that Defendant is considering or has considered to achieve sustained compliance with all applicable water quality protection laws regarding the industrial wastewater discharges from its Elk Rapids fruit processing plant. Plaintiffs further maintain that the site visit discussed infra at subsection 9 is necessary prior to engaging in meaningful negotiations. The Plaintiffs have proposed a date for settlement conference in subsection 13.

Defendant's Position:

Defendant is already engaged in settlement discussions with EGLE, the only agency with regulatory authority over groundwater discharges. Defendant is not at liberty to disclose privileged or confidential settlement discussions with EGLE, nor are Plaintiffs entitled to participate in such discussions. Nevertheless, Defendant is willing to provide a general summary of its plans for the construction of a WWTP and additional spray fields, which may address Plaintiff's concerns.

6. Pendent State Claims: This case does include pendent state claims. Plaintiffs assert a Michigan state law claim against Defendant pursuant to the Michigan Environmental Protection Act, MCL 324.1701. Plaintiffs claim Defendant pollutes, impairs, and destroys the waters of the state by discharging its fruit processing wastewater in violation of its groundwater discharge permit issued by the state. The activities (discharging of industrial wastewater from Defendant's fruit processing plant) and the impacted environment (wetlands abutting Defendant's Spray Fields, nearby groundwater, Spencer Creek, and Elk Lake) at issue in the pendent state claim are the same or closely related to the activities and impacted water bodies of Plaintiffs' Clean Water Act claims.

   Defendant disputes any liability arising from MEPA. Any alleged discharge of wastewater would not materially pollute, impair, or destroy any water of the state. In the event that the CWA claim is dismissed, the Court should not elect to exercise supplemental jurisdiction over the MEPA claim. This issue is best left to the state to resolve, and the state is doing just that.

7. Joinder of Parties and Amendment of Pleadings: The parties expect to file all motions for the joinder of parties to this action and to file all motions to amend the pleadings by June 21, 2024.

8. Disclosures and Exchanges:

   (a) Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose Rule 26(a)(1) disclosures be due by June 21, 2024.

   (b) Plaintiffs expect to be able to furnish the name(s) of their expert witness(es) by June 21, 2024. Defendant expects to be able to furnish the names of its rebuttal expert witness(es), if any, by July 20, 2024.

   (c) It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

   - Plaintiffs shall furnish written expert reports by November 15, 2024.

   - Defendant shall furnish written rebuttal expert reports by January 15, 2025.

   (d) The parties have agreed to make available the following documents without the need for a formal request for production:

   - From Plaintiffs to Defendant by June 30, 2024: Plaintiffs will provide all surface sampling and/or stream monitoring data they have collected within wetland areas adjoining Defendant's spray fields and/or within Spencer Creek

4

      in the five years preceding the filing date of the original Complaint.

- From Defendant to Plaintiffs by June 30, 2024: Defendant will provide all sampling data of surface water it has collected in the wetlands abutting its Spray Fields and all monitoring data from the monitoring point at the inlet to the culvert (underneath Elk Lake Road) that leads to Spencer Creek in the five years preceding the filing date of the original Complaint. Defendant will also provide all non-privileged documents, reports, and studies developed by it or on its behalf related to the hydrology of the Spray Fields, wetlands abutting the Spray Fields, and Spencer Creek. Additionally, Defendant will provide all non-privileged documents depicting the construction, site plans, technical components, and operational parameters of all remedial operational and/or infrastructural plans and strategies considered, proposed, or being implemented that are designed to treat and discharge the industrial wastewater from its fruit processing facility in dispute in this matter.

9. Discovery: The parties believe that all discovery proceedings can be completed by February 28, 2025. The parties recommend the following discovery plan:

The parties conferred and agreed that at present, no changes need be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court. The parties agree to the presumptive limit of 25 single-part questions for interrogatories pursuant to Rule 33(a)(1). The parties also agree to the presumptive limit of 10 depositions per side, with each witness's deposition being limited to one day of seven hours maximum pursuant to Rules 30(a)(2)(A) and 30(d)(1).

Additionally, Defendant has agreed to permit entry by representatives for the Plaintiffs, Plaintiffs' attorneys, and Plaintiffs' expert witness(es) to each of the Spray Fields identified in the First Amended Complaint, the wetlands abutting the Spray Fields, the "farm road" running through the wetlands south of Spray Fields 38 and 39 (in each instance, to the extent owned by Defendant), and to the wetlands on Defendant's property west of Elk Lake Road, to inspect, measure, survey, photograph, test, and/or undertake non-intrusive (surface) sampling of the property.

10. Disclosure or Discovery of Electronically Stored Information: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

The parties agree to produce all documents electronically in .pdf or .xlsx or other common computer-readable imaging format. The parties seek to reserve the right to request examination of original paper documents, and to request the exchange of computerized source documents (*e.g.*, emails, spreadsheets, or word processing documents) where the circumstances reasonably show the need to review document creation dates, metadata, and the like. The parties propose this structure in lieu of more formal ESI protocol based on the needs of this case.

11. Assertion of Claims of Privilege or Work−Product Immunity After Production:

Inadvertent disclosure of any document shall be without prejudice to any claim that such document is privileged, and no party shall be held to have waived any rights by such inadvertent disclosure, including but not limited to the right to claim the documents are privileged or protected by the attorney-client privilege or work product privilege. The parties agree to return any privileged material inadvertently disclosed immediately upon

    receipt of notice of the inadvertent disclosure and take reasonable steps to ensure that all copies of such privileged materials are returned or deleted.

12. <u>Motions</u>: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

    The parties anticipate that all dispositive motions will be filed by <u>April 25, 2025</u>.

13. <u>Alternative Dispute Resolution</u>: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

    <u>Plaintiffs' Position:</u>

    Contingent upon the adequate exchange of information and site visit stated above in subsections 5 and 9, Plaintiffs anticipate a settlement conference before a neutral facilitator or judicial official would be the most effective alternative dispute resolution method. Given the need for a site visit(s) at a time to be determined, Plaintiffs propose the settlement conference be scheduled no earlier than <u>August 15, 2024</u>. In addition or in the alternative, Plaintiffs anticipate a self-mediated 3-way settlement negotiation would be conducted between Plaintiffs, Defendant, and appropriate representatives from EGLE.

    <u>Defendant's Position:</u>

    A settlement conference should occur following the conclusion of discovery. As this is a factually intensive case with extensive use of experts, Defendant believes that settlement discussions are most productive after discovery has closed, facts are established, and experts have weighed in. Further, Defendant is not amenable to a three-way settlement negotiation with EGLE because Plaintiffs have neither the authority nor the expertise to negotiate a settlement relating to permits issued by EGLE. Moreover, Defendants do not believe that EGLE would be willing to negotiate with Plaintiffs.

14. <u>Length of Trial</u>: Counsel estimates the trial will last approximately <u>6 days total</u>, allocated as follows: 3 days for Plaintiffs' case, 3 days for Defendant's case.

15. <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must <u>file</u> documents electronically but <u>serve</u> *pro se* parties with paper documents in the traditional manner.

GREAT LAKES ENVIRONMENTAL
LAW CENTER
*/s/ Nicholas Leonard*
*/s/ Scott Troia*
Nicholas Leonard (P79283)
Scott Troia (P82986)
4444 Second Avenue
Detroit, MI 48201
313-782-3372
nicholas.leonard@glelc.org
scott.troia@glelc.org

*Counsel for the Grand Traverse Band of Ottawa and Chippewa Indians; Watershed Center of Grand Traverse Bay; and Elk-Skegemog Lakes Association*

OLSON & HOWARD, PC
*/s/ William Rastetter*
*/s/ Rebecca Millican*
William Rastetter (P26170)
Rebecca Millican (P80869)
*OLSON & HOWARD, PC*
420 E. Front Street
Traverse City, MI 49686
(231) 946-0044
bill@envlaw.com
rebecca@envlaw.com

*Counsel for the Grand Traverse Band of Ottawa and Chippewa Indians*

LAW OFFICE OF TRACY JANE
ANDREWS, PLLC
*/s/ Tracy Jane Andrews*
Tracy Jane Andrews (P67467)
LAW OFFICES OF TRACY JANE
ANDREWS, PLLC
420 E. Front Street
Traverse City, MI 49686
(231) 946-0044
tja@tjandrews.com

*Counsel for Watershed Center of Grand Traverse Bay*

VARNUM LLP
*/s/ Aaron M. Phelps*
Aaron M. Phelps (P64790)
Matthew B. Eugster (P63402)
Neil E. Youngdahl (P82452)
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
neyoungdahl@varnumlaw.com

*Counsel for Defendant*