UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRAND TRAVERSE BAND OF OTTAWA
AND CHIPPEWA INDIANS, et al.,

    Plaintiffs,

v.

BURNETTE FOODS, INCORPORATED,

    Defendant.
_____/

Case No. 1:23-cv-589

HON. JANE M. BECKERING

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant's three motions in limine, seeking to exclude expert testimony from Matthew Gabris (ECF No. 77), Stuart Kogge (ECF No. 81), and Anthony Kendall (ECF No. 85). Plaintiffs filed their respective responses in opposition (ECF Nos. 104, 105, & 106). For the following reasons, the motions are properly denied.

Defendant's motions concern the admission of evidence at trial. *See, e.g.*, ECF No. 78 at PageID.3913 ("[T]he procedures that Burnette implements or does not implement within its facility are irrelevant to the questions that the Court will need to decide at trial"); ECF No. 82 at PageID.3937 ("The Court must limit Mr. Kogge's testimony to opinions that are within his expertise, supported by sufficient facts and data, and are the product of reliable principles and methods."); and ECF No. 86 at PageID.4114 ("Burnette respectfully requests that the Court prohibit Kendall from testifying as an expert witness.").

A trial in this matter will be to the bench, not a jury. A motion in limine is "made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also* FED. R. EVID. 103(c) (stating that court

should "prevent inadmissible evidence" from being presented at trial and should do so "by any means"). Similarly, a *Daubert* challenge is used to "prevent the jury" from hearing unreliable scientific evidence. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). As Plaintiffs point out in their responses, these gatekeeping tools were "designed to protect juries and [are] largely irrelevant in the context of a bench trial." *Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004) (opining that "this Court is not in the business of dictating to district courts the amount of weight they must give to certain expert opinions" in bench trials). Like other district courts relying on *Deal*, this Court determines that the proper course of action is to admit the expert testimony and afford it whatever weight the Court deems appropriate. *See, e.g., Michigan State A. Philip Randolph Inst. v. Johnson*, No. 16-cv-11844, 2018 WL 1180886, at *2 (E.D. Mich. Mar. 7, 2018). Therefore,

**IT IS HEREBY ORDERED** that Defendant's motions in limine (ECF Nos. 77, 81, & 85) are DENIED.

Dated:  November 12, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge